UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**IRIS CARNEGIE**

        **Plaintiff,**        Case No.

vs.

**AMAZON.COM, INC; AMAZON LOGISTICS, INC.; AMAZON.COM SERVICES, INC.; OPTIMAL US LOGISTICS, INC.**

        **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IRIS CARNEGIE, by and through undersigned counsel, files this Complaint against Defendants , AMAZON.COM, INC., ("ACI") a Foreign for Profit Corporation; AMAZON LOGISTICS, INC., ("ALI"), a Foreign for Profit Corporation; AMAZON.COM SERVICES, INC. ("ACS"), a Foreign for Profit Corporation (ACI, ALI, and ACS) are hereinafter collectively referred to as "Amazon"); OPTIMAL US LOGISTICS, INC.("OPTIMAL") A Florida For Profit Corporation, (collectively hereafter as, "Defendants") states:

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq*., hereinafter called the ("FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable

1

attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).

3. Venue is proper in this judicial district because at least one of Defendants maintains offices within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4. At all times relevant hereto, Plaintiff was a resident of in Gainesville, Florida which is within the area of this judicial district.

5. At all times relevant hereto, Plaintiff handled goods that had moved in interstate commerce on a daily basis delivering packages to customers of Amazon.

6. At all times relevant hereto, Plaintiff has been a current or former "employee" of Defendants as that term is defined by the FLSA, 29 U.S.C. §201 *et seq*, as she was suffered and permitted to work delivering packages to Amazon customers in connection with their purchases from Amazon.com.

7. Defendant ACI is a foreign corporation that operates and conducts business in this county, as well as nationwide, and is therefore within the jurisdiction of this Court.

8. ACI may be served with process upon its registered agent Corporation Service Company, at 1013 Centre Road, Wilmington, Delaware 19805.

9. Defendant ALI is a Foreign Corporation that operates and conducts business in this county, as well as nationwide, and is therefore within the jurisdiction of this Court.

10. ALI may be served with process upon its registered agent Corporation Service Company, at 1201 Hays Street, Tallahassee Florida 32301.

11. Defendant ACS is a foreign corporation that operates and conducts business in this county, as well as nationwide, and is therefore within the jurisdiction of the Court.

12. ACS may be served with process upon at its address at 1201 Hays Street, Tallahassee Florida 32301.

13. Defendant, OPTIMAL, is a Foreign Profit Corporation with its principal office at 4600 140 Ave N, Suite 180, Clearwater, Florida 33762.

14. OPTIMAL operates and conducts business in the Gainesville area and is therefore, is within the jurisdiction of this Court.

15. OPTIMAL may be served with process upon its registered agent, EXPORTACTION, LLC at, 4600 140 Ave N, Suite 180, Clearwater, Florida 33762.

16. On information and belief, OPTIMAL provides delivery Associates to Amazon as a Delivery Service Provider.

17. On information and belief, Amazon contracts with and/or otherwise directs OPTIMAL to deliver Amazon packages from Amazon Delivery Stations located in the Gainesville, Florida area.

**FLSA COVERAGE**

A. *Employment Relationship*

18. The FLSA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 203(d).

19. On information and belief, Defendant Amazon.com Inc., is the parent corporation of Amazon.com Services, Inc. (formerly Amazon.com, LLC), as well as Amazon Logistics, Inc.,

and together they operate one of the largest, if not the largest, ecommerce and logistics company in the world.

20. Through the operation of the Amazon.com website ([www.amazon.com](www.amazon.com)) customers throughout the United States can and do purchase goods and/or materials which are then shipped throughout the United States to each customer's address.

21. In addition, Amazon is in the business of providing delivery service to customers, and that is the service that delivery drivers, such as Plaintiff, provide. The drivers' services are fully integrated into Amazon's business and managed by Amazon due to the level of control and oversight utilized by Amazon.

22. To ensure the highest customer service, satisfaction and companywide uniformity, Amazon dictated and directly managed Plaintiff's employment with local delivery companies such as OPTIMAL, including, but not limited to:

    a. Requiring Plaintiff to submit to an Amazon background check and participating in the decision to hire Plaintiff;

    b. Training Plaintiff;

    c. Dictating the manner and type of clothing to wear;

    d. Determining the make, model and style of delivery van to be used while delivering packages;

    e. Determining the location where Amazon packages are to be unloaded and loaded for delivery;

    f. Monitoring the performance of pre-trip and post-trip delivery van inspections;

    g. Determining where, when, how, and in what order packages are to be delivered to Amazon customers dictating the exact schedule to be followed;

    h. Controlling the method and manner of troubleshooting delivery issues by

       requiring Plaintiff to report problems delivering packages directly to Amazon;

i. Tracking delivery performance including but not limited to the number of packages delivered each day, the location of Plaintiff at any given time, and the efficiency of the deliveries as reported through Amazon handheld devices or the Amazon Flex application for smart phones;

j. Supervising the work of Plaintiff on a daily basis; and

k. Evaluating the performance of Plaintiff on a periodic basis in accordance with Amazon specific policies and procedures.

23. Based on information and belief, OPTIMAL, was organized for the sole purpose of providing local delivery or last mile delivery services to Amazon.

24. Based on information and belief, OPTIMAL, existed for the sole purpose of providing local or last mile delivery services to Amazon as an integral part of the Amazon business operation for the purpose of delivering Amazon products directly to their customers.

25. Stated differently, OPTIMAL simply provided a delivery driver labor force to Amazon, to further Amazon's core business objective of providing delivery service to Amazon customers.

26. On information and belief, OPTIMAL, was directly and solely dependent on its delivery contract with Amazon.

27. On information and belief, OPTIMAL, was solely dependent on payments made by Amazon to make regularly scheduled payroll to the Plaintiff.

28. Plaintiff was dependent on Amazon, at a minimum, because Amazon provided: (i) all of the packages to deliver as part of its core business; (ii) delivery instructions including when, where, how and in what order to deliver the packages; and (iii) payment of wages through Amazon's payments under the delivery contract with OPTIMAL.

29. Based on the foregoing, Amazon.com, Inc., is an employer as defined under the FLSA.

30. Based on the foregoing, Amazon.com Services, Inc., is an employer as defined under the FLSA.

31. Based on the foregoing, Amazon Logistics, Inc., is an employer as defined under the FLSA.

32. Based on the foregoing, OPTIMAL is an employer as defined under the FLSA.

33. Defendants are employers as defined under the FLSA.

34. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

35. Plaintiff was employed by Defendants.

36. Specifically, Plaintiff suffered and was permitted to work delivering Amazon packages on behalf of and for the sole benefit of Amazon.

37. Defendants also jointly employed Plaintiff.

38. At all times material to this action Defendants directly or indirectly, controlled and directed all aspects of the day to day employment of Plaintiff including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) human resources; (viii) hiring and firing; (vii) working conditions; and (viii) manner and method of such drivers' performance of their duties.

B. *Enterprise and Individual Coverage*

39. "The [FLSA] requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual or enterprise coverage." *Silver v. Dr. Neal*

*Krouse, D.O., P.A.*, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2017)(*citing Thorne v. All Restoration Svcs., Inc.*, 448 F.3d 1264, 1265 (11th Cir. 2006).

40. Amazon.com, Inc. is an enterprise as defined within section 3(r)(1) of the FLSA. *See supra* para. 17-19.

41. Amazon Logistics, Inc., is an enterprise as defined within section 3(r)(1) of the FLSA. *Id.*

42. Amazon.Com Services, Inc., are each an enterprise as defined within section 3(r)(1) of the FLSA. *Id.*.

43. Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc., are together an enterprise as defined with section 3(r)(1) of the FLSA. *Id.*

44. OPTIMAL is an enterprise as defined within section 3(r)(1) of the FLSA.

45. The Defendants are an enterprise as defined within section 203(r)(1) of the FLSA.

46. FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A)(emphasis added); *See Polycarpe. V. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1222-26 (11th Cir. 2010).

47. Additionally, the enterprise must have greater than $500,000 in "annual gross volume of sales made or business done." *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008).

48. Because today nearly all goods and materials are moved in or produced via interstate commerce, "virtually every business meeting the annual gross value requirement" is subject to enterprise coverage. *Id*.

49. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce and have at least two employees that handle or work on goods or materials that have been moved in or produced for commerce.  29 U.S.C. § 203(s).

50. Defendants provide the last mile or local delivery of products and goods that are purchased from Amazon.com, the leading online retailer in the United States.

51. Defendants are engaged in commerce, and Plaintiff regularly handled goods or materials that had been moved in or produced for commerce, when delivering orders purchased on www.amazon.com.

52. At all times relevant hereto, each Defendants had an annual gross volume of sales or did business of more than $500,000.00 per year.

53. Collectively, at all times relevant hereto, Defendants had an annual gross volume of sales or did business of more than $500,000.00 per year.

54. Therefore, at all material times relevant to this action, each Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FACTUAL ALLEGATIONS

55. OPTIMAL is one of many contractors who worked for and are under the control of Amazon delivering Amazon's goods throughout the country.

56. Plaintiff worked for Defendants delivering items purchased from Amazon to the customers who purchased said items in the Jacksonville area from approximately October 2018 through approximately June 2019. Plaintiff's primary duty involved transporting goods in interstate commerce.

57. During the course of her employment, Plaintiff regularly worked in excess of

forty (40) hours one or more workweeks.

58. Plaintiff worked, on average, 60, hours each work week.

59. However, Defendants failed to pay Plaintiff the overtime premium of one and a half times her regular rate of pay for all hours worked in excess of forty hours in individual work weeks.

60. Instead, Defendants paid Plaintiff only paid her only purported "day rate" of approximately $140 per day, based on the number of days that she worked.

61. Defendants failed to compensate Plaintiff one and one half times of her regular rate of pay for the hours that she worked over forty (40) each week.

62. Defendants have violated Title 29 U.S.C. § 207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks during her employment with Defendants;

   b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendant as provided by the FLSA;

   c. Defendant has failed to maintain proper time records as mandated by the FLSA;

   d. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful or demonstrated reckless disregard for the FLSA.

**COUNT I**

9

## VIOLATION OF 29 U.S.C. §207
### OVERTIME COMPENSATION

63. Plaintiff re-alleges and reincorporates paragraphs 1 through 62 as if fully set forth herein.

64. Throughout the duration of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours in most, is not all, workweeks.

65. For the duration of her employment, Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours that she worked in excess of forty (40) hours each workweek.

66. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendants.

67. Defendants failed to maintain proper time records as mandated by the FLSA.

68. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due for Plaintiff's work for Defendants.

69. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

70. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

71. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

72. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek while employed by Defendants;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime and/or minimum wage award;

    c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

    e. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 2nd day of April, 2021.

                                                             Respectfully Submitted,

                                                             */s/ Andrew R. Frisch*
                                                             ANDREW R. FRISCH
                                                             FL BAR NO. 027777
                                                             AFrisch@forthepeople.com
                                                             PAUL M. BOTROS
                                                             FL BAR NO. 0063365
                                                            PBotros@forthepeople.com
                                                            **MORGAN & MORGAN, P.A.**
                                                            8151 PETERS ROAD, SUITE 400

P̲LANTATION̲, FL 33324
T: (954) WORKERS;  F:  (954) 327-3013

*Trial Counsel for Plaintiff*